# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL MCMANUS,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**MARTY C. ANDERSON, Warden,** )<br>**FCI Beckley,** )<br>)<br>**Respondent.** ) | **Civil Action No. 5:04-0308** |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ *Habeas Corpus* By a Person in State or Federal Custody. (Doc. No. 1.) By Standing Order filed on March 31, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4.) Having reviewed the documents of record and the applicable law, the undersigned recommends that the District Court **DISMISS** Petitioner's Application (Doc. No. 1) as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2004, Petitioner, an inmate formerly at FCI Beckley, in Beaver, West Virginia, and acting *pro se,* filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Doc. No. 1.) Petitioner alleges that the Circuit Court for Prince George's County, Maryland, unlawfully caused a detainer to be lodged against him. Petitioner requests

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972).

that the Court order the Respondent to remove the detainer and enter an order that the Circuit Court for Prince George's County, Upper Marlboro, Maryland, and the Office of the Sheriff's Department for Prince George's County has lost any and all authority to execute such a detainer. Petitioner states that in 1988, he was arrested in the State of Maryland on drug related charges. Petitioner indicates that he accepted a plea bargain and was sentenced by the Circuit Court of Prince George's County, in Upper Marlboro, Maryland, to a term of imprisonment of 25 weekends and a five year term of probation. (Doc. No. 1.) Petitioner states that he was subsequently convicted by the Superior Court for the District of Columbia on unrelated charges and sentenced to a term of imprisonment of 18 to 54 months. (Id.) In 1990 or 1991, while incarcerated pursuant to the District of Columbia conviction, the Circuit Court of Prince George's County lodged a detainer against Petitioner for violating his five year term of probation. (Id.) In 1992, Petitioner was released on parole by the District of Columbia Department of Corrections. (Id.) Petitioner, however, was not returned to the State of Maryland pursuant to the probation violation charges. (Id.) Petitioner asserts that it was not until 1994, when he was in the custody of the Bureau of Prisons, that the State of Maryland realized its error and lodged its detainer.

On February 25, 2005, the undersigned issued an Order to Show Cause requiring Respondent to respond to Petitioner's Application. (Doc. No. 7.) On March 8, 2005, Respondent, by counsel, filed his Response to the Order to Show Cause. (Doc. No. 10.) Respondent states that on December 17, 2004, authorities from the Office of the Sheriff, Prince George's County, Maryland, notified Respondent that the warrant on Petitioner was closed and that Respondent subsequently removed the detainer from Petitioner's file. Respondent further states that Petitioner was released from FCI Beckley via parole release on December 23, 2004. Respondent, therefore, contends that Petitioner's claims are moot.

## ANALYSIS

The undersigned finds that the Petitioner's §2241 Application must be dismissed as moot. Under Article III of the United States Constitution, an actual and continuing controversy must exist while a case is pending in federal court. Honig v. Doe, 484 U.S. 305, 317, 108 S. Ct. 592, 601, 98 L.Ed.2d 686 (1988); Ross v. Reed, 719 F.2d 689, 694 (4th Cir. 1983). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). In the instant matter, the Office of the Sheriff's Department for Prince George's County, Maryland, notified the Respondent on December 17, 2003, that it had closed its warrant for Petitioner. Respondent subsequently removed the detainer in Petitioner's file from the State of Maryland. (Doc. No. 10, Exhibit 1.) In view of the fact that Petitioner has received his requested relief, there is no longer a "live" controversy and therefore, Petitioner's Application should be dismissed as moot.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application (Doc. No. 1) and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which

objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner who is acting *pro se* and to counsel of record.

FILED: July 19, 2007.

R. Clarke VanDervort
United States Magistrate Judge